# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
GREEN BAY DIV.

'09 NOV 25 P4:54

JON W. S...
CL...

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | CRIMINAL COMPLAINT |
| EVERETT PENASS<br>(d.o.b. xx/xx/87) | CASE NUMBER: 09-M- 658 |

I, Roberto Molina, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief: That on or about September 11, 2009, in the State and Eastern District of Wisconsin, Everett Penass did intentionally enter a dwelling, located at 1281 Old South Branch Road, Keshena, without the consent of the person in lawful possession, G.K., with intent to steal, and while in the dwelling, armed himself with a dangerous weapon to wit: multiple firearms.

All in violation of Title 18, United States Code, Sections 1153(a) & (b) and 2, and Wisconsin Statutes Section 943.10(1)(m) and (2)(b).

I further state that I am a Special Agent with the Federal Bureau of Investigation, and this complaint is based on the following facts:

Please see the attached affidavit.

Continued on the attached sheet and made a part hereof:  X  Yes  ___ No

_____
Signature of Complainant
**ROBERTO MOLINA**

Sworn to before me and subscribed in my presence,

11-25-09                                at Green Bay, Wisconsin
Date                                    City and State

The Honorable James R. Sickel
United States Magistrate Judge          _____
**Name & Title of Judicial Officer**    Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT & ARREST WARRANT

Roberto Molina, being first duly sworn, states that:

## Background

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have been an agent for approximately 19 years. As part of my duties, I investigate violations of federal law committed against person and property that occur in the Eastern District of Wisconsin including those committed while on the Menominee Indian Reservation (MIR). One of those offenses I have jurisdiction to investigate pursuant to 18 U.S.C. Code §§ 1153 and 2, and Wis. Stats. § 943.10 is burglary to a dwelling.

## Basis for Information in Affidavit

2. The information contained in this affidavit is based upon my personal knowledge and investigation, and information supplied to me by other law enforcement officers including the Menominee Tribal Police Department (MTPD) all of whom I believe to be truthful and reliable. Based on my investigation and the information supplied to me by other law enforcement personnel, I have probable cause to believe the following regarding Anthony Chevalier, Everett Penass, and Kyle Newton.

## Facts Establishing Probable Cause

3. Your affiant has reviewed MTPD reports indicating that on September 11, 2009, on the MIR, G.K., a Native American residing at N1281 Old South Branch Road, Keshena, reported to MTP that someone burglarized his residence. G.K. stated that on that date he was home for the lunch hour and left at approximately 12:30 p.m. Upon his return to his residence several hours later, he observed that unknown individuals entered his residence without his permission and took property including several firearms that were located in a gun safe. G.K. also advised

that he had approximately $38,000 in U.S. Currency that was located in the gun safe that is now missing.

4. Your affiant has spoken to several confidential informants pursuant to this investigation that have provided information about possible suspects. The confidential informants advised that Antony Chevalier, Everett Penass, Vincent Newton and Kyle Newton may have been involved in the burglary.

4. Within several weeks of the break in to the G.K. residence, I know that MTP officers arrested Antony Chevalier on outstanding tribal warrants. Chevalier was interviewed about the burglary and denied involvement. However, after he provided consent to search the vehicle he was driving at the time, a white Dodge Durango, MTP officers found various items they later seized. Those items included Walmart and other receipts for clothing items and electronics including a laptop and Ipod. The receipts were dated 9/12/09 and showed that someone paid in cash approx $1,912 for the items purchased. A laptop computer and some clothing items were recovered in the vehicle as well. MTP officers went to a Walmart located in Green Bay and viewed video of the transactions associated with the receipts. That video depicts Chevalier as one of the individuals purchasing the listed items.

5. I am also aware that FBI SA Patrick Lynch interviewed various individuals associated with the Dodge Durango operated by Chevalier at the time of his arrest. SA Lynch's investigation revealed that sometime in mid-September, Chevalier purchased the vehicle for $3,000 in U.S. currency.

6. I am also aware that law enforcement spoke with a confidential informant about this matter, hereinafter CI-1. CI-1 advised that he spoke with Chevalier in mid-September and

2

observed that Chevalier had a lot of money. Chevalier wanted CI-1 to help him throw guns in the Fox River that Chevalier, Kyle and Vinnie Newton obtained by breaking into the G.K. residence. CI-1 said the safe was thrown in the river. Chevalier offered to pay CI-1 $500 for his assistance. Chevalier also told him that Chevalier told Kyle and Vinnie Newton that he (Chevalier) would sell the guns taken for $1200 and would give them their share of $400. Chevalier told CI-1 that he had stolen a large amount of money from the residence but did not tell Kyle or Vinnie Newton about the money.

7. Based on the information from CI-1, I and other law enforcement went to the approximate location of the Wolf [Fox] River identified by CI-1 and recovered numerous long rifles matching the description of those taken from the G.K. residence.

8. I further spoke with a second confidential informant, hereinafter CI-2. CI-2 advised that Anthony Chevalier told him that Everett Penass told him (Chevalier) of a house to break into on the MIR. CI-2 said Chevalier, Kyle and Vinnie Newton went to the G.K. residence and entered without permission taking a gun safe in the process. Anthony Chevalier and Kyle Newton came out with the gun safe while Vincent Newton acted as a lookout. The gun safe was then taken to the Wolf [Fox] River and entered. Numerous firearms were found inside. Chevalier advised that he would sell the guns and give a split of the proceeds to Kyle and Vinnie Newton. Later that day, Chevalier provided Kyle and Vinnie Newton with approximately $400 in U.S. currency but did not advise them of any additional money located in the gun safe. CI-2 advised that the basis of his knowledge of such information is from statements made to him by Chevalier and Kyle Newton about the incident.

9. Based upon the foregoing information, I believe there is probable cause to believe

3

that Anthony Chevalier, Everett Penass, and Kyle Newton entered the G.K. residence, with intent to steal, without consent of G.K., and armed themselves in the process all contrary to 18 U.S.C. Code §§ 1153 and 2, and Wis. Stats. § 943.10(2).

10. Because this affidavit is offered for the limited purpose of supporting the criminal complaint and arrest warrant for Anthony Chevalier, Everett Penass, and Kyle Newton . I have not set forth every fact known to me regarding this incident. Rather, I have included only those facts which I believe establish probable cause.

_____
Affiant Roberto Molina

Subscribed and sworn to before me
this 25 day of Nov, 2009.

_____
Notary Public
My commission expires: _____.